UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-152-MOC

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSE SANTOS REDONDO ROMERO, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant Jose Santos Redondo Romero's ("Defendant") Pro Se Motion to Reduce Sentence Pursuant to U.S.S.C. Amendments 782 and 821. (Doc. No. 34). The Government has filed a response in opposition. (Doc. No. 39). Because Defendant is eligible for a sentence reduction under neither Amendment 782 nor Amendment 821, the Court will deny the motion.

### I. Background

In March of 2018, Defendant distributed between 4 and 14 grams of heroin to a confidential informant in Gaston County, North Carolina. (Doc. No. 19 ¶ 30). Police arrested Defendant, and federal authorities learned that Defendant, who had twice been deported, was in the United States. (Id. ¶¶ 6, 29). Defendant was first deported from the United States in November 2010. (Id. ¶ 6). Defendant subsequently re-entered the United States, and police found nearly 500 grams of heroin hidden in the dashboard of his car. (Id. ¶ 29). Defendant pleaded guilty in 2011 in the United States District Court for the Southern District of Ohio of conspiracy to possess with intent to distribute over 100 grams of heroin, in violation of 21 U.S.C. § 846. (Id.). That court sentenced Defendant to 46 months in prison. (Id.). Defendant served his

sentence and was deported for a second time in July 2014. (Id.).

A federal grand jury indicted Defendant and charged him with illegally re-entering the United States after deportation following his conviction for an aggravated felony, 8 U.S.C. § 1326(a), (b)(2). (Doc. No. 1). Four months later, on August 27, Defendant was convicted in the Superior Court of Gaston County for trafficking heroin and sentenced to 70 to 93 months in prison. (Doc. No. 19 ¶ 30). In September of 2018, Defendant received two disciplinary infractions in the North Carolina Department of Corrections, one for fighting and one for involvement with a gang or security risk group. (Id.). Defendant pleaded guilty to the illegal re-entry offense. (Id. ¶ 2). The district court's probation office prepared a presentence report and calculated a total offense level of 15. (Id. ¶ 23). Based on the offense level and a criminal-history category of III, the Sentencing Guidelines advised a sentence of between 24 and 30 months in prison. (Id. ¶ 44). This Court sentenced Defendant to 24 months in prison. (Doc. No. 21). Defendant now asks this Court to reduce his sentence based on Amendments 782 and 821 to the Sentencing Guidelines.

**II.     Legal Standards**

**A. Sentencing Guidelines Amendment 782**

Amendment 782 to the Sentencing Guidelines lowers by two the base offense levels for drug-trafficking offenses under Sentencing Guidelines § 2D1.1 that trigger statutory mandatory-minimum sentences. (U.S.S.G. amend. 782). This amendment became effective on November 1, 2014. (Id.).

**B. Sentencing Guidelines Amendment 821**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. (See U.S.S.G. amend. 821). The

Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). (U.S.S.G. amend. 821; see U.S.S.G. § 1B1.10(d)).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. (U.S.S.G. amend. 821 pt. A). Part A adds a new subsection (e) that adds one criminal history point for any defendant who receives seven or more points and who committed his offense while under any criminal-justice sentence as described above. (Id.).

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal history points. (U.S.S.G. amend. 821 pt. B). A defendant is not eligible for this reduction if (1) he received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) he used violence or credible threats of violence in connection with her offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) he personally caused substantial financial hardship; (6) he possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) he received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) he was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) he received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) he was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. (Id.)

For defendants who meet the requirements of Amendment 821, U.S.S.G. § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines. A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." (U.S.S.G. § 1B1.10(a)(2)(B)). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. (Id. § 1B1.10(b)(2)). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." (Id. § 1B1.10(b)(1)). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." (Id. § 1B1.10(b)(2)(B)). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. (Id. § 1B1.10(b)(2)(C)).

### III.     Analysis

Defendant is not eligible for a sentence reduction under Amendment 782. Defendant was not convicted of a drug-trafficking offense, and his sentencing range was governed by § 2L1.2 of the Sentencing Guidelines, not § 2D1.1. Additionally, he was sentenced in October 2019, nearly five years after Amendment 782 became effective, so he already would have received any benefit of the Amendment.

Defendant is also ineligible for a sentence reduction under Amendment 821. He is not

eligible under Part A of the Amendment because the probation office did not assess him points because he committed his offense while under a criminal justice sentence. He is not eligible under Part B because he was assessed six criminal history points based on his earlier convictions.

Because Defendant is not eligible for a sentence reduction under Amendment 782 or Amendment 821, this Court denies his motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence Pursuant to U.S.S.C. Amendments 782 and 821, (Doc. No. 34), is **DENIED**.

Signed: October 4, 2024

Max O. Cogburn Jr
United States District Judge